IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JUNE MURRY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Dkt. No. 16-cv-1236 |
| | )   JURY TRIAL DEMANDED |
| JACKSON-MADISON COUNTY SCHOOL | ) |
| SYSTEM BOARD OF EDUCATION, | ) |
| JACKSON-MADISON COUNTY SCHOOL | ) |
| SYSTEM, and VERNA RUFFIN, individually | ) |
| and in her official capacity as the Superintendent | ) |
| of Schools for the Jackson-Madison County School | ) |
| System Board of Education and/or | ) |
| Jackson-Madison County School System, | ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1.  This is an action for damages, declaratory and injunctive relief, both preliminary and permanent, to redress the violation of rights secured by the First Amendment to the United States Constitution.  Jurisdiction is invoked pursuant to 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. § 1331.  Declaratory injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.  All of the actions complained of herein occurred in Madison County, Tennessee, within the jurisdiction and venue of this Court.

## II. PARTIES

2. Plaintiff, June Murry, (hereinafter "Plaintiff") is a resident of Madison County, Tennessee, and was at all times relevant hereto employed by Defendants Jackson-Madison County School System Board of Education and/or Jackson-Madison County School System as the Principal of Liberty Technology Magnet High School.

3. Defendant, Jackson-Madison County School System Board of Education, (hereinafter "JMCSS BOE") is a statutorily created body incorporated under laws of the State of Tennessee. Defendant JMCSS BOE controls and operates the public schools within Jackson and Madison County, Tennessee. At all times pertinent hereto, Defendant JMCSS BOE is and was the employer of all members of its school district, both named and unnamed herein. Defendant JMCSS BOE is a "person" within the meaning of 42 U.S.C. § 1983 and is subject to suit under said statute. Service of process may be obtained on Defendant JMCSS BOE by serving its Superintendent, Verna Ruffin, at 310 North Parkway, Jackson, Tennessee 38305.

4. Defendant, Jackson-Madison County School System, (hereinafter "JMCSS") is a statutorily created body incorporated under laws of the State of Tennessee. Defendant JMCSS controls and operates the public schools within Jackson and Madison County, Tennessee. At all times pertinent hereto, Defendant JMCSS is and was the employer of all members of its school district, both named and unnamed herein. Defendant JMCSS is a "person" within the meaning of 42 U.S.C. § 1983 and is subject to suit under said statute. Service of process may be obtained on Defendant JMCSS by serving its Superintendent, Verna Ruffin, at 310 North Parkway, Jackson, Tennessee 38305.

5. Defendant, Superintendent Verna Ruffin, (hereinafter "Defendant Ruffin") is and was at all times mentioned in this Complaint the duly appointed and acting Superintendent of

Schools for the Defendants JMCSS BOE and JMCSS and was acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs, and usages of the State of Tennessee, the Jackson-Madison County School System Board of Education, and the Jackson-Madison County School System and is a resident of Madison County, Tennessee. Defendant Ruffin is sued in her individual capacity and in her official capacity as a policy maker for the Jackson-Madison County School System Board of Education and the Jackson-Madison County School System. Service of process may be obtained on Defendant Ruffin at 310 North Parkway, Jackson, Tennessee.

### III.  STATEMENT OF CLAIMS

6. Plaintiff, began her employment with the Defendants Jackson-Madison County School System and/or Jackson-Madison County School System Board of Education (hereinafter collectively referred to as "JMCSS") in October of 1998 as a high school counselor. In 2009, Plaintiff became the principal of Liberty Technology Magnet High School (hereinafter "Liberty Tech"). Throughout her employment with JMCSS, Plaintiff was an efficient and dedicated public servant. As a leader, she created sustainable programs that have received state and national acclaim; maintained the school's graduation rate; has been ranked highly by faculty, staff, and students on surveys; and received commendations for perfect attendance and school audits. Prior to the retaliation that is the subject of this claim, Plaintiff always received excellent evaluations for her work as Liberty Tech's principal.

7. In early March of 2015, Plaintiff attended a community meeting at the Jackson State Community College to discuss plans for the school district's Vision 2020 plan. During a break out session, Plaintiff asked questions and shared concerns with community members about the Vision 2020 plan and the future of Liberty Tech. Plaintiff avers that the statements she made at

the meeting were protected speech under the First Amendment to the United States Constitution and that Defendant Ruffin was at all times relevant hereto aware of those comments.

8. About that same time, Plaintiff had a discussion with a JMCSS Board Member regarding her concerns about the future of Liberty Tech and hiring and staffing practices utilized by JMCSS. Plaintiff avers that the statements she made to the Board Member were protected speech under the First Amendment to the United States Constitution and that Defendant Ruffin was at all times relevant hereto aware of those statements.

9. In a subsequent meeting, Defendant Ruffin advised Plaintiff that she was aware of Plaintiff's conversation(s) with the Board Member. During that meeting, Defendant Ruffin pressured Plaintiff for details of these discussion(s). Defendant Ruffin was noticeably upset with Plaintiff for having spoken with the Board Member.

10. After this meeting, Defendant Ruffin exhibited a hostile attitude toward Plaintiff, and their working relationship became noticeably strained and unfriendly. Plaintiff avers that prior to her conversation with Defendant Ruffin about her communications with the Board Member she always received excellent evaluations for her work as Liberty Tech's principal and she had a positive working relationship with Defendant Ruffin.

11. Following the meeting with Plaintiff, Defendant Ruffin was often aloof and intimidating in her interactions with Plaintiff. Plaintiff began being subjected to intense scrutiny and unwarranted criticism for alleged issues at Liberty Tech. Plaintiff attempted to present the central office with information and documentation establishing that the criticisms of her administration at Liberty Tech were unwarranted and unjustified. However, Plaintiff's reports were ignored by the JMCSS administration. In a meeting on August 27, 2015, Defendant Ruffin told Plaintiff she would need to resign/retire or face termination.

12.     On or about September 5, 2015, Plaintiff was sent a letter by Defendant Ruffin advising her that she was being removed as the principal of Liberty Tech and being demoted to the position of teacher at Andrew Jackson Elementary School.  Plaintiff avers that the decision to demote was made by Defendant Ruffin acting alone or in concert with other officials of JMCSS.

13.     On or about August 12. 2016, Plaintiff resigned from her employment with Defendants due to the hostile work environment that was created by Defendant Ruffin after she had become aware that Plaintiff had engaged in the above-referenced protected speech.  Plaintiff avers that her resignation was involuntary and necessary for her to escape the intolerable and illegal employment actions taken against her after engaging in speech protected by the First Amendment.  Plaintiff further avers that her resignation amounts to a constructive discharge by the Defendants.

14.     Plaintiff avers that the unlawful employment actions taken against her as complained of herein were committed in retaliation for engaging in speech protected by the First Amendment to the United States Constitution.

## IV.  CAUSE OF ACTION

**DEFENDANTS ACTIONS VIOLATED PLAINTIFF'S RIGHTS UNDER THE FIRST AMENDMENT**

15.     Plaintiff incorporates by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

16.     Plaintiff avers that Defendants JMCSS and Defendant Ruffin, in her individual and/or official capacity as Superintendent and policy maker for the Defendants JMCSS, acting intentionally and/or with deliberate indifference to Plaintiff's constitutional rights, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States

Constitution in violation of Plaintiff's rights under said Amendment, resulting in the damages listed below.

17. Plaintiff avers that Defendant Ruffin, acting in her individual and/or official capacity, conspired with the various individuals and acting intentionally and/or with deliberate indifference to Plaintiff's constitutional rights, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of Plaintiff's rights under said Amendment, resulting in the damages listed below

## V. DAMAGES

18. As a direct and proximate cause of the foregoing deprivations of constitutional freedoms and statutory rights committed by Defendants, Plaintiff has suffered mental anguish, public humiliation, diminished reputation, loss of employment and the benefits of employment, and has had to retain legal counsel to defend and prosecute her rights.

19. As a basis for punitive damages, Plaintiff would show that the deprivations of constitutional freedoms and statutory rights by Defendant Ruffin in her individual capacity were knowingly, intentionally, and maliciously done; and said acts were further an abuse of the power and trust for public officers.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

a. Declare Defendants' actions taken against Plaintiff to be in violation of 42 U.S.C. § 1983 and in contravention of the First Amendment to the United States Constitution;

b. Enter a preliminary, and thereafter a permanent, injunction enjoining Defendants from engaging in the practices in violation of the United States Constitution;

  c. Award Plaintiff compensatory damages against Defendants as authorized by 42 U.S.C. § 1983 in the amount to which she shows herself entitled;

  d. Award Plaintiff punitive damages against Defendant Ruffin in her individual capacity;

  e. Award Plaintiff her costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988;

  f. Award Plaintiff any further relief, both general and specific, to which she may be entitled to in the premises;

  g. Grant Plaintiff a trial by jury in this cause.

                Respectfully Submitted,

                WEINMAN THOMAS LAW FIRM


                /s/ Michael L. Weinman
                Michael L. Weinman (#015074)
                *Attorney for Plaintiff*
                112 S. Liberty Street, Suite 321
                P.O. Box 266
                Jackson, TN 38302
                (731) 423-5565
                mike@weinmanthomas.com